IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL STEPP,                              :

    Plaintiff,                          :

vs.                                         :      CIVIL ACTION 05-0303-BH-C

MIKE HALEY, et al.,                         :

    Defendants.                         :

### REPORT AND RECOMMENDATION

Plaintiff, a Mobile County Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the claims against defendant Rose Johnson be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Amended Complaint (Doc. 15).**

Plaintiff names Rose Johnson, the Director of the Mobile County Department of Human Resources, as a defendant. Because the allegations against her are brief, they are set out below:

> Failure to provide authority of protection from neglect.
> Failure to provide equal protection of the law. Failure to

1

>provide protective services that will ensure proper care.  (The
>plaintiff is being subjected to neglect.)  Supporting facts: The
>Mobile County Dept. of Human Resources have willfully and
>knownly failed to provide equal protection of the law to protect
>plaintiff from neglect.
>	. . . .
>	. . . The defendant Rose Johnson (Director of Dept. of
>Mobile County Human Resources) is the supervisor authority
>that manages investigations and provides protection services
>through enforcement services to adults within Mobile County
>Alabama who are being subjected to abuse and neglect.
>	. . . .
>	. . . Pursuant to the Code of Alabama the Mobile County
>of Department of Human Resources (Director) Rose Johnson
>has authority and a legal duty to investigate and provide
>prevention and protection to adults who are being subjected to
>abuse and neglect.  The Mobile County Department of Human
>Resources have willfully and knownly failed to provide equal
>protection of the law to protect plaintiff from being subjected
>to neglect by the conditions of the Mobile County Metro Jail.

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

## III.  Discussion.

Defendant Johnson is alleged to be the Director of the Mobile County Department of Human Resources. Plaintiff claims that as director she is responsible for adult inmates who allegedly suffer abuse and neglect at the Mobile County Metro Jail. At one point, plaintiff bases his claim on an unidentified section of the Alabama Code. However, after an examination of the Alabama Code and case law, the Court did not find that it is the responsibility of the director of the county department of human resources to oversee the

treatment of local jail inmates. In fact, regarding the responsibilities of the county director, § 38-2-8(b) of the Alabama Code provides, in pertinent part:

> All administrative and executive duties and responsibilities of the county department shall be performed by the county director and must be in accordance with the rules and regulations of the state department, subject to the approval of the state board. These duties and responsibilities shall include relief to persons in need of assistance; the performance of family welfare services; the care of children who are dependent, neglected, under insufficient guardianship or otherwise handicapped, and such other child-care activities as shall be directed to it by the State Department of Human Resources; and the investigation of application for admissions to and discharges from county institutions providing care and treatment of indigents.

ALA. CODE § 38-2-8(b). These enumerated duties do not include the oversight of inmate treatment at the county jail.

Moreover, plaintiff is subject to oversight by the county sheriff by his placement into the sheriff's custody. ALA. CODE § 14-6-1 (1995) (mandating that the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto"). If there are any failings by the sheriff or his staff, then plaintiff has recourse to the state and federal court systems.

In addition, another section of the Alabama Code, § 38-9-4, requires the human resources department to investigate complaints about adults who are in need of protection due to a danger to their health or safety and to arrange for necessary services.[2] However,

---

[2]Section 38-94 provides:

this section is found in Chapter 9, which is titled "Protection of Aged or Disabled Adults." Consequently, this provision of the code is inapplicable to the present action because plaintiff is not aged or disabled.

Therefore, plaintiff's allegations fall short of showing that defendant Johnson, in her position as Director of Mobile County Department of Human Resources, owes a legal duty to him as a jail inmate. Because of this failure, plaintiff cannot connect defendant Johnson to a violation of his constitutional rights. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (finding a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.) (same), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). Accordingly, plaintiff has failed to state a claim under § 1983 against defendant Johnson. **IV. <u>Conclusion</u>.**

---

(a) Protective services may be arranged when an adult person is in need of care and protection because of danger to his health or safety; provided, that nothing in this chapter shall be construed to mean that the department is chargeable for the cost of such care except where such care is specifically provided for by law or departmental regulations and funding exists for such purpose. All protective services shall be in conformity with the wishes of the person to be served unless the person is unable or unwilling to accept such services, and if the person is unable or unwilling to accept such services, the court may order such services. The department may be required to provide or arrange for services only for persons it is equipped to serve and agrees to serve.

(b) The department shall seek out, through investigations, complaint from citizens or otherwise, the adults in the state who are in need of care and protection because of danger to their health or safety, and shall, as far as may be possible, through existing agencies, public or private, or through such other resources as are available, aid such adults to a fair opportunity in life.

For the reasons stated above, and because the Court did not find that defendant Johnson as Director of Mobile County Department of Human Resources owes a legal duty to plaintiff, it is recommended that the claims against defendant Rose Johnson be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 12th day of August, 2005.

>                         s/WILLIAM E. CASSADY
>                         **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district

judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        s/WILLIAM E. CASSADY
                                        UNITED STATES MAGISTRATE JUDGE