IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL STEPP                )
                             )
    Plaintiff,               )
                             )
vs.                          )   CIVIL ACTION 05-0303-BH-C
                             )
MIKE HALEY, et al.,          )
                             )
    Defendants.              )

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis filed a Complaint under 42 U.S.C. § 1983. (Docs. 1, 8). This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After consideration of the pleadings, and for the reasons set forth below, it is recommended that this action be dismissed, with prejudice.

DISCUSSION

On May 20, 2005, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that he was being subjected to unconstitutional conditions of confinement at the Mobile County Metro Jail. (Doc. 1, Complaint). On June 2, 2005, the Court ordered Plaintiff to re-file his Complaint and properly complete this Court's form for a § 1983 action. (Doc. 2).

On June 14, 2005, Plaintiff filed an Amended Complaint; however, on July 26,

2005, Plaintiff moved to strike all prior Complaints in favor of his final Amended Complaint which he filed on August 17, 2005. (Docs. 4, 15, 18). In his final Amended Complaint, Plaintiff asserts what the Court construes to be an Eighth Amendment conditions of confinement claim against Defendants Michael Haley, Warden of the Mobile County Metro Jail; Jack Tillman, Mobile County Sheriff; Mike Dean, Mobile County Commissioner; Richard Montgomery, State Fire Marshal; and Rose Johnson,[1] Director of the Mobile County Department of Human Resources. (Doc. 18 at 4-5). Specifically, Plaintiff complains that the jail is overcrowded, inadequately staffed, and poses a fire hazard. In addition, the food is inadequate; there is no access to a law library; and Plaintiff is not being regularly provided soap and toothpaste. (Id. at 7-10).

According to Plaintiff, his incarceration in the Mobile County Metro Jail began in May, 2005, after he was arrested on a charge of failing to register as a sex offender under Alabama's Community Notification Act. (Doc. 18 at 6; Doc. 54 at 5). At a hearing conducted in this Court on May 1, 2006, Plaintiff informed the Court that he had been released on probation from the Mobile County Metro Jail in April, 2006, after pleading guilty to the Community Notification Act violation with which he was charged. Plaintiff was given a five-year, suspended sentence.

In this § 1983 action, Plaintiff seeks only declaratory and injunctive relief for the

---

[1] On September 14, 2005, this Court dismissed Plaintiff's claim against Defendant Johnson as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). (Docs. 19, 27).

constitutional violations that he alleges occurred during his incarceration at the Mobile County Metro Jail.  Specifically, Plaintiff requests that the Court "[i]ssue a declaration in support of the Complaint that the conditions are unconstitutional" and order the Defendants "to correct the unconstitutional conditions within (30) days." (Doc. 18 at 11).

The law is clear that a federal court has a duty to examine its jurisdiction and to dismiss an action where jurisdiction is lacking.  See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).  Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of certain "Cases" and "Controversies."  U.S. Const. Art. III, 2.  "The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy."  Adler v. Duval County School Bd., 112 F.3d 1475, 1477 (11th Cir. 1997).  "Equitable relief is a prospective remedy, intended to prevent future injuries."  Id.   For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury."  Id.

In the context of a § 1983 action filed by a prisoner, such as this, the law is settled that a prayer for declaratory relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose.  See, e.g., Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) ("[t]his court has clearly stated the following:

Absent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."); McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984) ("[t]he general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief."); Wahl, 773 F.2d at 1173 ("[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). "Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." Wahl, 773 F.2d at 1173 (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

As discussed above, Plaintiff informed the Court at the May 1, 2006, hearing that he had been released from the Mobile County Metro Jail following a plea agreement in which he pled guilty to a Community Notification Act charge and was given a five-year, suspended sentence. Plaintiff has not alleged that it is likely that he will return to the Mobile County Metro Jail. To the contrary, Plaintiff represented to the Court that he does not expect to return to the Mobile County Metro Jail. Thus, there is absent "any continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984) ("[s]ince Dudley is no longer in the custody of county jail officials, the most that can be said for his standing is that *if* he is released from prison, is convicted of another crime and is incarcerated in the Daugherty

County Jail, he might again be subject to disciplinary confinement without due process," which is "too speculative to create an actual controversy sufficient for a declaratory judgment to be entered.") (emphasis in original); Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) ("[t]he most that can be said is that if Cotterall is again incarcerated in a minimum security facility and again charged with a disciplinary infraction, he might again be transferred to Coffee County jail.  This is too speculative.").

Accordingly, for the reasons set forth above, the Court finds that Plaintiff's claim for injunctive relief from the conditions of his confinement at the Mobile County Metro Jail is now moot.  Because there is no present case or controversy to support the Court's jurisdiction over this action, Plaintiff's action is due to be dismissed.

## CONCLUSION

Based upon the foregoing, it is recommended that this action be dismissed, with prejudice.[2]

---

[2] The Court is aware of the decision in Wahl, 773 F.2d 1169, 1174 (11th Cir. 1985), in which the Eleventh Circuit remanded the plaintiff's § 1983 claim for injunctive relief to the district court with instructions that it be dismissed *without* prejudice.  In Wahl, the plaintiff had been transferred from the offending facility to a different facility, rendering his conditions of confinement claim moot.  The Eleventh Circuit stated that "[a] dismissal without prejudice will allow appellant to refile his petition later if he is returned to the institution of which he now complains."  Id.   In the case before this Court, Plaintiff is no longer incarcerated anywhere.  He is living in the "free world" and has no need for the relief which he has requested.  If at some time in the future, Plaintiff were to violate his probation, be returned to the Mobile County Metro Jail, and experience unconstitutional conditions of confinement upon that incarceration, he would be free to file a Complaint requesting relief from the conditions of his confinement as they might exist at that time.  For this reason, the interests of finality of this action mandate that Plaintiff's Complaint

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this 4th day of May 2006.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

---

be dismissed with prejudice.

MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

7